# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1535-20

F.Z.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF HEALTH, DIVISION OF
MENTAL HEALTH AND
ADDICTION SERVICES,

     Respondent-Respondent.

_____

Submitted September 13, 2022 – Decided September 16, 2022

Before Judges Sumners and Berdote Byrne.

On appeal from the New Jersey Department of Human Services, Division of Mental Health and Addiction Services.

F.Z., appellant pro se.

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Francis X. Baker and Jessica A. Sampoli, Deputy Attorneys General, on the brief).

PER CURIAM

F.Z. appeals a final agency decision by the Clinical Director of Trenton Psychiatric Hospital (TPH) authorizing administration of psychotropic medication without his consent. We affirm.

F.Z. is involuntarily committed to the care of TPH. Because F.Z. displayed assaultive and aggressive behavior, resulting in multiple altercations with peers and TPH staff, he was prescribed psychotropic medication to mitigate his self-destructive conduct. F.Z. was counseled regarding the medication's benefits, potential side effects, and less restrictive alternatives. However, he refused, believing he did not need medication.

In accordance with the written protocols developed by the New Jersey Department of Health, Division of Mental Health and Addiction Services (DMHAS),[1] TPH's Clinical Director reviewed and signed an Involuntary Medication Administration Report (IMAR). The IMAR documented F.Z.'s condition and the medications involved in his treatment plan. The report also scheduled a panel review hearing before three non-treating clinicians. F.Z. received notice of the hearing, and a Client Services Advocate was appointed to

---

[1] Specifically, the Non-Emergent Administration of Psychotropic Medication to Non-Consenting Involuntary Patients Policy, set forth in the Administrative Bulletin 5:04B.

assist him in understanding any medication issues; advocate his objections and wishes to the medical staff and the panel; help him navigate the involuntary medication process; ensure that his rights are protected; and evaluate the effects, both positive and negative, of the prescribed medication.

At an April 20, 2021 hearing, F.Z.'s prescriber, an advance practical nurse, opined that involuntary medication was needed because he suffered from schizoaffective disorder-bipolar type and autism spectrum disorder. She explained that without medication, F.Z. would continue to be aggressive and have physical altercations with peers and TPH staff. She also stated F.Z. lacks understanding of his mental illness and, therefore, does not appreciate the need for medication. At the conclusion of the hearing, the panel determined F.Z. required medication. After being provided with the required notice of his appeal rights, F.Z. administratively appealed the panel's determination to TPH's Clinical Director, who reviewed and upheld the decision. This appeal followed.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "[A] 'strong presumption of reasonableness attaches'" to the agency's decision. In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (quoting In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993)). The burden is upon the appellant to demonstrate grounds for

reversal.  McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).  To that end, we will "not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence."  In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008).

F.Z.'s merits brief is non-compliant with our court rules because he fails to make any coherent arguments asserting that the final agency decision to involuntarily administer psychotropic medication is not supported by the record or the law.  See R. 2:9-9.  F.Z. merely asserts, "the IMAR Committee falsely made statements about my psychosis and behaviors and recommended medications [to] me[,] the victim/claimant."  He does not articulate the basis for his conclusory assertion.

Accordingly, we conclude TPH's decision to involuntarily medicate F.Z. was not arbitrary, capricious, or unreasonable.  The decision was supported by sufficient credible and unrefuted evidence.  TPH followed DMHAS's involuntary medication policy and procedures.  The decision was based on the

4

judgment of independent clinicians following a hearing and after an administrative appeal. There is no cause to upset the decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1535-20